**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12448
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DARWIN JOSE MARTINEZ ANCHUNDIA,
a.k.a. Jose Martinez Anchundia Hernan,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00500-SDM-TGW-4
_____

Before JILL PRYOR, NEWSOM, and WILSON, Circuit Judges.

PER CURIAM:

Darwin Martinez Anchundia appeals his 108-month sentence for (1) conspiracy with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, and (2) possessing five or more kilograms of cocaine with intent to distribute. He argues that the district court imposed a procedurally unreasonable sentence when it failed to apply a minor-role reduction in calculating his offense level and advisory sentencing range. We affirm.

We review the district court's finding that a defendant did not merit a minor-role adjustment for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The district court has "considerable discretion" in determining whether a role reduction is appropriate. *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002). So long as the court's decision is "supported by the record and does not involve a misapplication of a rule of law," the "choice between 'two permissible views of the evidence'" as to the defendant's role in the offense will rarely constitute clear error. *De Varon*, 175 F.3d at 945 (emphasis omitted). The defendant bears the burden of proving his minor role in the offense by a preponderance of the evidence. *Id.* at 939.

Section 3B1.2 of the Sentencing Guidelines provides for a two-level reduction if a defendant was a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). A minor participant is someone "who is less culpable than most other participants in the criminal activity, but whose role could not as described as minimal." *United States v. Gruezo*, 66 F.4th 1284, 1293 (11th Cir. 2023) (quoting

U.S.S.G. § 3B1.2, cmt. 5). Application of a minor-role adjustment is based on the "totality of the circumstances." *United States v. Cruickshank*, 837 F.3d 1182, 1195 (11th Cir. 2016) (citing *De Varon*, 175 F.3d at 945). In determining whether to grant a minor-role reduction, the district court (1) "must measure the defendant's role against the relevant conduct for which [he] has been held accountable," *De Varon*, 175 F.3d at 940, and (2) "may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct," *id.* at 944.

A panel of this Court recently upheld a district court's finding that a deckhand who was on board a vessel from Colombia that was carrying 375 kilograms of cocaine wasn't entitled to a minor-role adjustment. *United States v. Martinez*, 172 F.4th 1306, 1314 (11th Cir. 2026). We reasoned that, first, the district court was holding him accountable for his "actual conduct of transporting nearly half a ton of cocaine along an international trafficking route," and second, he understood "the nature of his conduct in trafficking the drugs," even if he "may not have understood the full scope of the conspiracy or exerted decision-making power." *Id.* at 1315.

Like the deckhand in *Martinez*, Martinez Anchundia is not entitled to a minor-role adjustment. Though he contends that his role is minor compared to all the participants in the criminal venture, if not compared to his boatmates, the district court was holding him accountable for his "actual conduct"—transporting the 4,230 kilograms of cocaine found on the vessel. And "where the

relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *De Varon*, 175 F.3d at 941.

Additionally, the district court didn't clearly err in finding Martinez Anchundia as culpable as the "average participant" because he was, after all, responsible for transporting "a few thousand kilograms of cocaine" worth "scores of millions of dollars" and knew he would be paid for it. Sent'g Tr. 19, 21, 23, Dkt. No. 283. We've said before that one's "involvement . . . as a crewmember of a vessel that was smuggling a large quantity of drugs . . . [is] serious and important enough to warrant the denial of a minor-role reduction under § 3B1.2." *Gruezo*, 66 F.4th at 1294.

Accordingly, we hold that the district court didn't clearly error when it declined to apply a minor-role adjustment because Martinez Anchundia failed to show that he played a minor role in the conduct for which he was held accountable.[1]

**AFFIRMED.**

---

[1] We also upheld the district court's denial of minor-role adjustment for one of Martinez Anchundia's codefendants in *United States v. Perez Vera*, 2026 WL 1122133 (11th Cir. Apr. 24, 2026).